HERBERT ARROYO, demandante y apelado, *v.* JOSÉ RAMÓN QUIÑONES, haciendo negocios como RADIOEMISORA W.A.P.A., demandado y apelante.

Núm. 11301.

*Sometido:* 10 de noviembre de 1954. *Resuelto:* 30 de noviembre de 1954.

*Ramón H. Vargas,* abogado del apelante; *Guillermo Bauzá,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

El presente es un pleito en reclamación de salarios supuestamente adeudados por el demandado por trabajo extra. En la contestación del demandado se alegó entre otras cosas que el demandante había sido empleado por aquél en calidad de ejecutivo y estaba por consiguiente exento de las disposiciones

de paga extra halladas en la ley local y en la federal. El demandado solicitó una vista especial con respecto a dicha defensa. Manifestó en su moción que ésta era una cuestión de derecho que ". . . requiere la presentación de abundante prueba documental y testifical . . .". El Tribunal Superior declaró con lugar esta moción y señaló la vista para un día específico. El abogado del demandante, diciendo que tenía que comparecer dicho día ante otro tribunal, radicó una moción "sometiendo por sus méritos" las cuestiones suscitadas por el demandado.

A tenor con esta moción, el demandante no compareció a la vista celebrada por el tribunal sentenciador sobre la defensa especial de que el demandante como empleado ejecutivo no tenía derecho a paga extra. El demandado ofreció prueba a base de la cual el tribunal sentenciador dictó siete conclusiones de hechos y dos de derecho. El tribunal resolvió que la prueba indicaba que el demandante era un empleado ejecutivo y por tanto que bajo la ley local y la federal no tenía derecho a paga extra. En consecuencia, desestimó la demanda, sin especial condenación de costas ni de honorarios. Este pronunciamiento del tribunal se titutlaba "Resolución" y fué emitido el 23 de octubre de 1953.

El 11 de noviembre de 1953 el demandante solicitó la reconsideración de la "resolución" del 23 de octubre de 1953 afirmando que había entendido que la moción del demandado se discutiría exclusivamente en cuanto a las cuestiones de derecho sin la presentación de prueba alguna, y que por dicho motivo no había comparecido a la vista de la misma. El 3 de diciembre de 1953 el tribunal sentenciador señaló el 18 de diciembre para oír a las partes sobre la moción de reconsideración. Si bien dicha vista aparentemente se celebró el 18 de diciembre, de los autos no surge que el tribunal sentenciador resolviera la moción. El 22 de diciembre de 1953 el demandante radicó otra moción de reconsideración de la "resolución" del 23 de octubre de 1953, basado en la Regla 60 (b) de las Reglas de Enjuiciamiento Civil. En esta moción el

demandante alegó que por inadvertencia de su abogado éste había sometido la cuestión de la exención y no "tomó en consideración" que se practicaría prueba en la vista. El 29 de diciembre de 1953, el demandado radicó una oposición a dicha moción. El 28 de enero de 1954 el tribunal sentenciador dictó la siguiente resolución: "Vista la moción de reconsideración radicada por el demandante en este caso y atendidas las razones expuestas por él a través de su abogado en la audiencia que se celebró el día 18 de diciembre pasado, el tribunal declara con lugar dicha moción y deja sin efecto su resolución de 23 de octubre del pasado año, a los fines de que el demandante pueda presentar la prueba con que cuenta en apoyo de su contención y se señala el caso para verse en sus méritos el día 11 de febrero de 1954 . . .". El demandado ha apelado de esta resolución por el fundamento de que es una resolución dictada con posterioridad a la "sentencia" en este caso.

■■ La "resolución" del 23 de octubre de 1953 era de hecho una sentencia definitiva ya que puso fin a la controversia entre las partes. Véase *Rodríguez* v. *Tribl. Mpal. y Ramos*, 74 D.P.R. 656. Sin embargo, de los autos nada surge que indique que el Secretario del tribunal archivara en autos la notificación de la sentencia. El demandante afirma sustancialmente en su alegato, sin que el demandado lo contradijera, que esto no se hizo. Por consiguiente, a tenor con el art. 292 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 67, Leyes de Puerto Rico, 1937, las mociones de ambas fechas—11 de noviembre de 1953 y 22 de diciembre de 1953—fueron mociones de reconsideración radicadas en tiempo. El tribunal sentenciador podía por tanto declarar con lugar la última y dejar sin efecto su sentencia independientemente de si la misma procedía o no bajo la Regla 60 (*b*). Véase *González* v. *Am. Surety Co.*, 71 D.P.R. 354. [1]

---

[1] Notamos de paso que, en relación con la procedencia de la actuación del tribunal bajo la Regla 60 (*b*), los autos no contienen una transcripción de lo que ocurrió durante la vista del 18 de diciembre de 1953, sobre la

516

*La resolución del Tribunal Superior del 28 de enero de 1954 dejando sin efecto su "resolución" del 23 de octubre de 1953 será confirmada.*

El Juez Asociado Sr. Ortiz no intervino.

cual el tribunal sentenciador basó su resolución del 28 de enero de 1954 dejando sin efecto su "resolución" del 23 de octubre de 1953.  *Cf. Santiago v. Rodríguez,* 72 D.P.R. 266.