En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Progressive Finance & Investment Corp.<br>        Demandante-Recurrida<br><br>    .V<br><br>LSM General Construction Inc.<br><br>        Demandado | Certiorari<br><br>TSPR-98-9 |

Número del Caso: CC-97-228

Abogados Parte Demandante: Abogados de la Parte Recurrida:
 Lic. Alodia Bauzá Huertas


Abogados Parte Demandada: Lic. Carlos J. Correa Ramos

Abogados Parte Interventora: LSM General Contractor S.E.
Interventora-Peticionaria

Lic. Ilia M. Quiñones Fuentes
Lic. Aida M. Quiñones Fuentes del Bufete Quiñones & Quiñones

Tribunal de Instancia: Superior, Sala de Humacao

Juez del Tribunal de Primera Instancia: Hon. Reinaldo de León Martínez

Tribunal de circuito de Apelaciones: Circuito Regional de Caguas,
Humacao y Guayama

Juez Ponente: Hon. Cabán Castro

Fecha: 2/4/1998

Materia: Cobro de Dinero


Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Progressive Finance &
Investment Corp.

       Demandante-Apelada-
       Recurrida

         v.

LSM General Construction, Inc.

       Demandado

LSM General Contractor S.E.

       Interventora-Apelante-
       Recurrente

CC-97-228        Certiorari

SENTENCIA
(REGLA 50)

San Juan, Puerto Rico, a 4 de febrero de 1998.

La parte peticionaria de epígrafe, L.S.M. General Contractor, S.E., nos solicita que revisemos la resolución dictada el 25 de marzo de 1997 por el Tribunal de Circuito de Apelaciones. En dicha resolución se acogió una apelación instada por la peticionaria como un recurso de certiorari y se denegó la expedición del mismo por haber sido presentado tardíamente. Entendemos que el tribunal a quo se equivocó en su dictamen, por lo que, al amparo de la Regla 50 del Reglamento de este Tribunal, revocamos.

I

El 21 de octubre de 1992, el Tribunal Superior de Puerto Rico, Sala de Humacao, dictó sentencia

sumaria, mediante la cual ordenó a la parte allí demandada, L.S.M. General Construction Inc., a pagar a la demandante y recurrida ante nos, Progressive Finance & Investment Corp., la suma de $15,325.55 más los intereses legales a partir del 31 de julio de 1991. Se archivó en autos copia de la notificación de dicha sentencia el 4 de noviembre de 1992; la misma advino final y firme.

El 5 de diciembre de 1994, en una "Moción Informativa sobre Ejecución de Sentencia", L.S.M. General Construction Inc., informó que la parte demandante en ese pleito, ante nos recurrida, había embargado bienes pertenecientes a una tercera parte, L.S.M. General Contractor, S.E. Nótese que la tercera parte a quien le habían embargado bienes en ejecución de la sentencia, L.S.M. General Contractor, S.E., es la peticionaria ante nos.

El 13 de enero de 1995, Progressive Finance & Investment Corp. presentó ante el foro de instancia una moción mediante la cual argumentó que un miembro de una sociedad especial no constituye un ente jurídicamente independiente de la misma. Adujo, por ello, que procedía el embargo de bienes pertenecientes a L.S.M. General Contractor, S.E. El 24 de enero de 1995, el tribunal ordenó que se efectuara el correspondiente pago a Progressive Finance & Investment Corp.

Es ante esta situación que tres años después de dictada la sentencia contra L.S.M. General Construction, Inc., el 30 de enero de 1995, la interventora-peticionaria de epígrafe presentó ante el Tribunal de Primera Instancia una moción solicitando intervención.[1] L.S.M. General Contractor S.E. expuso que tenía sólo un dos porciento (2%) de participación en el haber social de L.S.M. General Construction, Inc., y que el embargo de sus bienes, efectuado al amparo de la orden judicial del 24 de enero de 1995, había excedido su participación en el haber social de la demandada, por lo que, en cuanto al exceso, era nula la ejecución de la sentencia.

El tribunal celebró vista evidenciaria y denegó la intervención mediante resolución emitida el 26 de junio de 1995 y notificada el 30 de junio de 1995. El 10 de julio de 1995, L.S.M. General Contractor, S.E., radicó una moción solicitando determinaciones de hechos y conclusiones de derecho al amparo de la Regla 43.3 de Procedimiento Civil.[2] El tribunal emitió resolución el 28 de agosto de 1995, en la que formuló nueve (9) determinaciones de hechos;[3] la notificación de esta resolución se archivó en autos el 29 de agosto de 1995.

---

[1] La parte peticionaria no presentó una demanda de nulidad de embargo, prefiriendo atacar el mismo solicitando la intervención en el pleito original.

[2] Reza la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.3:

43.3. Enmiendas o determinaciones iniciales o adicionales

No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación o revisión, pero a moción de parte, presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias, de acuerdo a la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad. La moción se podrá acumular con una moción de reconsideración o de nuevo juicio de acuerdo con las Reglas 47 y 48 respectivamente. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado moción para enmendarlas, o no haya solicitado sentencia.

[3] En la resolución emitida el 28 de agosto de 1995, el tribunal de

Inconforme, el 28 de septiembre de 1995, L.S.M. General Contractor, S.E., presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones.[4] La apelación pretendía la revisión de la resolución emitida por el Tribunal de Primera Instancia que declaró sin lugar su petición de intervención. Se radicó ante el foro a quo el apéndice conjunto el 30 de octubre de 1995.

El 25 de marzo de 1997 el Tribunal de Circuito de Apelaciones, mediante resolución, acogió el escrito de revisión presentado como certiorari y no como apelación, y denegó la expedición del recurso por entender que el mismo fue radicado fuera de término. El tribunal a quo además concluyó que la Regla 43.3 de Procedimiento Civil no aplicaba al caso y a tenor con la Regla 53.1 de Procedimiento Civil[5] el mismo debía ser denegado. Esa resolución fue notificada el 1 de abril de 1997.

---

instancia expuso nueve (9) determinaciones de hechos, que versan sobre el testimonio en la vista del Presidente de L.S.M. Construction, Inc., señor Luis Santana Mendoza. Determinó el tribunal: 1) que el señor Santana Mendoza es también socio de L.S.M. General Contractor, S.E.; 2) que el mismo testificó en la vista celebrada como Presidente de la corporación; 3) que el mismo desconoce cuando se reunieron por última vez los accionistas de la corporación; 4) que el mismo "hace negocios de construcción"; 5) que desconocía la participación de la corporación en la sociedad especial; 6) que al preguntársele sobre la escritura de sociedad especial, el mismo contestó no saber leer inglés ni tener conocimiento sobre lo dispuesto en la escritura; 7) que no negoció el contrato con el municipio de Luquillo ni tiene conocimiento de sus términos; 8) que de su testimonio surgió que en el contrato financiero de pólizas de seguros se incluyeron varias pólizas financieras de bienes personales pertenecientes al testigo, a la corporación, e inclusive a otra corporación; y (9) que el testigo desconocía la participación de la corporación y de la sociedad especial en el contrato con el municipio de Luquillo y no conoce qué porción del dinero embargado correspondía a cada cual.

[4]Nótese que la apelación fue sometida ante el Tribunal de Circuito de Apelaciones noventa (90) días después de la fecha de notificación de la resolución de instancia que denegó la intervención, pero pasados sólo treinta (30) días desde la fecha de notificación de la resolución en que ese foro formuló determinaciones de hechos adicionales.

[5]Reza la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.53.1,:

**REGLA 53. PROCEDIMIENTOS PARA INTERPONER UNA APELACION, UN RECURSO DE REVISION Y UN RECURSO DE CERTIFICACION**

53.1.Cuándo y cómo se hará

[...]

[...]

[...]

(d) El transcurso del término para apelar o para solicitar el recurso de revisión se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones: (1) declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no

Por quedar insatisfecha con esa resolución es que recurre ante nos la peticionaria, L.S.M. General Contractor, S.E., con una petición de <u>certiorari</u> que formula el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Circuito de Apelaciones al acoger el recurso radicado como de Certiorari y no como uno de Apelación y denegar el auto solicitado por haber sido radicado fuera de término.

Emitimos resolución el 30 de mayo de 1996 para concederle a la parte recurrida un término de veinte (20) días para que mostrase causa por la cual no procedía expedir el auto solicitado con el fin de revocar la resolución recurrida. Nuestra resolución fue notificada el 2 de junio de 1997. La parte recurrida cumplió oportunamente con el cometido ordenado, mediante un escrito denominado "Oposición a Petición de Certiorari", presentado el 20 de junio de 1997, por lo que lo que estamos listos para resolver según lo intimado.

II

Examinados los escritos presentados por las partes, expedimos el auto solicitado y al amparo de la Regla 50 del Reglamento de este Tribunal, revocamos la Resolución emitida por el Tribunal de Circuito de Apelaciones el 25 de mayo de 1997, y devolvemos el caso a ese foro para que lo evalúe y resuelva en sus méritos como proceda.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río emitió opinión de conformidad a la que se unen el Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri. El Juez Asociado señor Negrón García emitió opinión concurrente. El Juez Asociado señor Rebollo López concurre sin opinión escrita.

La Juez Asociada señora Naveira de Rodón hace constar que disiente por entender que lo resuelto en <u>Banco Santander P.R.</u> v. <u>Fajardo Farms Corp.</u>, Op. de 28 de junio de 1996, 141 D.P.R. ___ (1996), 96 JTS 100, no es de aplicación al caso de autos. Los hechos procesales en ambos casos son claramente distinguibles. Tratándose de la revisión de una resolución y no de una sentencia, y no estando presente las circunstancias que avalaron nuestra decisión en el caso de <u>Banco Santander P.R.</u> v. <u>Fajardo Farms Corp.</u>, <u>supra</u>, el recurso apropiado para revisar la misma ante el Tribunal de Circuito de Apelaciones (Tribunal de Circuito) era el de certiorari. De otra parte, la moción solicitando determinaciones de hechos adicionales, presentada al amparo de la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, no interrumpe el término para revisar resoluciones. Por lo tanto, el Tribunal de Circuito actuó correctamente al acoger el recurso de apelación presentado como uno de <u>certiorari</u> y luego denegarlo por haber sido radicado fuera del término jurisdiccional estatutario. El Juez Asociado señor Hernández Denton disiente sin opinión escrita.

Isabel Llompart Zeno<br>
Secretaria del Tribunal Supremo

---

```
necesaria   una   modificación   de   la   sentencia   si   se
declarare   con   lugar   la   moción;   (2)   resolviendo
definitivamente una moción de reconsideración sujeto a
lo dispuesto en la Regla 47; (3) denegando una moción
de nuevo juicio bajo la Regla 48. (Enfasis suplido)
```

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Progressive Finance &
Investment Corp.

        Demandante-Apelada-
        Recurrida


        v.                               CC-97-228          Certiorari

LSM General Construction, Inc.

        Demandado

LSM General Contractor S.E.

        Interventora-Apelante-
        Recurrente

Opinión de Conformidad emitida por el Juez Asociado SEÑOR CORRADA DEL RIO a la cual se unen el JUEZ PRESIDENTE SEÑOR ANDREU GARCIA y el JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI.


San Juan, Puerto Rico, a 4 de febrero de 1998.

Estamos conformes con la Sentencia emitida por este Tribunal en el día de hoy por considerar que el Tribunal de Circuito de Apelaciones erró al acoger el recurso como un _certiorari_ y no como una apelación, y al denegar la expedición del auto por radicación tardía. La resolución dictada el 20 de junio de 1995 por el tribunal de instancia resolvió finalmente la cuestión litigiosa levantada por la interventora y no dejó nada para una futura determinación. Por lo tanto, lo emitido por el foro de instancia constituye en efecto una sentencia de la cual se puede presentar una moción al amparo de la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.3.

En su Resolución del 25 de mayo de 1997, el Tribunal de Circuito de Apelaciones expresó su

criterio de que la peticionaria radicó su recurso noventa (90) días después de la fecha de la notificación de la resolución del Tribunal de Primera Instancia. Entendió el tribunal a quo que esa parte tomó, erróneamente, la fecha de la resolución del tribunal de instancia sobre la moción solicitando determinaciones de hechos y conclusiones de derecho como base para acudir ante el foro apelativo. Explicó el Tribunal de Circuito de Apelaciones que la Regla 43.3 de las de Procedimiento Civil no dispone que una parte pueda solicitar determinaciones de hechos y conclusiones de derecho de una resolución, por lo que una moción al amparo de esa regla no interrumpe el término para radicar un recurso de certiorari, según la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1; es decir, el tribunal apelativo dispuso que dicha moción sólo interrumpe el término para solicitar apelación o revisión de una sentencia. Por esos fundamentos, fue del criterio que la moción solicitando determinaciones de hechos y conclusiones de derecho radicada por la peticionaria no interrumpió el término que tenía ésta para acudir en alzada ante ese tribunal, lo que llevó a la presentación tardía del recurso.

Es correcto el análisis del Tribunal de Circuito de Apelaciones en cuanto a las disposiciones que controlan el trámite apelativo para la revisión de una resolución emitida por instancia. No obstante, erró dicho foro apelativo al acoger el recurso radicado como uno de certiorari, y no como una apelación, y denegar el auto solicitado por haber sido radicado fuera de término.

Este Tribunal ha establecido que cuando un tribunal dicta una resolución, pero ésta verdaderamente pone fin a la controversia entre las partes, la referida resolución constituye una sentencia final sobre la cual puede interponerse un recurso de apelación. En Banco Santander P.R. v. Fajardo Farms Corp., 141 D.P.R. ___ (1996), Op. de 28 de junio de 1996, 96 J.T.S. 100, señalamos que para enmarcar un dictamen judicial dentro de las clasificaciones de resolución o sentencia, se deben evaluar sus efectos jurídicos y no sólo su denominación.[6]

La parte peticionaria en el caso de autos arguye que la decisión del Tribunal de Primera Instancia fue final y firme al disponer totalmente de la controversia en cuanto a si eran embargables sus bienes para ejecutar una sentencia dictada contra otra parte. Estamos de acuerdo. Al ser denegada su moción de intervención sobre la sentencia emitida tres años antes, en lo que a la peticionaria respecta, el trámite legal se dio por terminado ante instancia. Lo que significa que, aunque el Tribunal de Primera Instancia denominó su decisión como resolución, lo emitido realmente constituía una sentencia, o sea, una determinación del Tribunal que resuelve finalmente la cuestión litigiosa y de la cual puede presentarse moción al amparo de la Regla 43.1 de las de Procedimiento Civil. Notamos, además, que la notificación de la "resolución" emitida por instancia el 26 de junio de 1995, se hizo en un formulario de notificación de sentencia y se expresó que el Tribunal había dictado sentencia, de la cual podía apelarse.[7]

---

[6]Nótese que los hechos de Banco Santander P.R. v. Fajardo Farms Corp., supra, son análogos a los del presente recurso. En dicho caso, una parte demandada solicitó el relevo de sentencia, tres años luego de la misma haber sido emitida en su contra, por ésta haber sido emitida por un tribunal que carecía de jurisdicción sobre su persona. La solicitud de relevo de sentencia fue denegada por instancia mediante resolución. La parte demandada solicitó a instancia la reconsideración y determinación de hechos adicionales, los cuales fueron denegados por el tribunal. La parte acudió al Tribunal de Circuito de Apelaciones con una apelación, pero ese foro interpretó que, tratándose de una revisión de una resolución interlocutoria, la misma podía ser atacada sólo por un recurso de certiorari, y que como tal el recurso fue presentado tardíamente, por lo que no había jurisdicción para revisar. En aquella ocasión revocamos por entender que la "Resolución" de instancia constituía una Sentencia que le brindó finalidad al litigio, por lo que procedía la apelación instada.

[7]Véase el Apéndice de la Petición de Certiorari presentada por la parte peticionaria el 1 de mayo de 1997, pág. 27.

Por tanto, consideramos que en el caso de autos  procedía la presentación de la moción solicitando determinaciones de hechos adicionales y conclusiones de derecho.  Era a partir de la notificación de la determinación del tribunal a quo resolviendo la misma, el 29 de agosto de 1995, que comenzaba a decursar el término para acudir en apelación. El recurso de apelación fue correcta y oportunamente presentado el 28 de septiembre de 1995, por lo que el Tribunal de Circuito de Apelaciones deberá acoger el mismo como tal y entender sobre los méritos del caso.


BALTASAR CORRADA DEL RIO
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Progressive Finance &
Investment Corp.

  Demandante-Apelada-
 Recurrida

    v.        CC-97-228  Certiorari

LSM General Construction,
Inc.
    Demandado

LSM General Contractor, S.E.

 Interventora-Apelante-
 Recurrida

Opinión Concurrente del Juez Asociado señor Negrón García

San Juan, Puerto Rico a 4 de febrero de 1998

I

    Como espíritu fantasmal que se pasea impune-mente por los pasillos de este Tribunal, y se niega a ser enterrado, el ilógico precedente de <u>Banco Santander</u> v. <u>Fajardo Farms Corp.</u>, res. en 28 de junio de 1996, sigue generando confusión.  Allí, la mayoría quebró el concepto unitario del proceso judicial civil que se inicia con la demanda y continúa en etapas con una serie de actos jurídicamente tutelados por el Tribunal, con la participación de las partes, bajo la lógica en que se inspiran las Reglas de Procedimiento Civil.

    **Sostuvo la tesis de que una resolución post-sentencia bajo la Regla 49.2 de Procedimiento Civil constituía una  sentencia final en supuesto pleito**

**independiente, ficticiamente creado por la mayoría**. En su abono, citó los casos de A.F.F. v. Tribunal Superior, 93 D.P.R. 903 (1967), Arroyo v. Quiñones, 77 D.P.R. 513 (1954) y Rodríguez v. Tribunal Municipal, 74 D.P.R. 656 (1953), claramente inaplicables, pues en esa casuística los dictámenes **desestimaron las demandas** y, por ende, pusieron **fin** a los litigios. Definitivamente, siendo sentencias, fueron erróneamente denominadas resoluciones. Se trataba de situaciones distinguibles, a saber, **adjudicaciones finales**, las cuales distan mucho de ser una negativa en incidente post-sentencia para dejarla sin efecto bajo la aludida Regla 49.2.[8]

Distinto a Banco Santander v. Fajardo Farms, supra en el caso de autos, estamos ante una **Sentencia** equivocadamente denominada **Resolución; insistir lo contrario es crear otra ficción**. Expongamos su trasfondo procesal.

## II

El 21 de octubre de 1992, el Tribunal Superior, Sala de Humacao, sentenció a L.S.M. General Construction **Inc.**, a pagar a Progressive Finance & Investment Corp., $15,325.35, más intereses legales. **Dicha Sentencia se archivó el 4 de noviembre y advino final y firme**. El 26 de enero de 1993 se expidió mandamiento de ejecución, el cual fue diligenciado el 9 de noviembre de 1994 mediante la retención de unos fondos en poder del Municipio de Luquillo.

El 30 de enero de 1995, L.S.M. General Contractor **S.E.**, solicitó intervenir en el pleito entre Progressive y L.S.M. General Construction **Inc.** Alegó que L.S.M. General Construction, Inc. sólo tenía el 2% de la participación de la sociedad y el embargo excedió dicha participación.

Este escrito -aunque denominado solamente Intervención- es una **demanda**. Primero, sigue el clásico formato y contenido - epígrafe, comparecencia, alegaciones, súplica y notificación- de una **demanda**. Segundo, substantivamente hablando, la demanda aduce hechos constitutivos de un **embargo ilegal** y solicita como remedio la devolución del dinero al interventor, alegado titular del mismo. Tercero, con su presentación **se adhirieron y cancelaron los derechos correspondientes a una demanda**: $20.00 en sellos de rentas internas y el sello forense de $1.00. Progressive nunca formuló contestación formalmente. En vista celebrada el 16 de marzo, el Tribunal luego de escuchar los planteamientos de las partes, **permitió la intervención** y señaló vista en sus méritos a los únicos efectos de poder resolver si procedía el embargo.

La **vista evidenciaria**, se celebró el 6 de junio. La interventora L.S.M. General Contractor, S.E. presentó dos testigos que fueron contrainterrogados por la demandante Progressive y L.S.M. General Construction, Inc. El 26 de junio, el Tribunal denegó la intervención, con una simple Resolución de no ha lugar. L.S.M. General Contractor S.E. solicitó determinaciones de hechos adicionales las cuales el Tribunal concedió, pero reiteró su negativa con fundamentos. Aunque no es determinante, su archivo en autos fue notificado en un volante titulado Notificación de Sentencia. Inconforme, noventa (90) días después de notificada la resolución original, pero treinta (30) días desde que se le notificaron las determinaciones de hechos requeridas, L.S.M. General Contractor, S.E. **apeló** al Tribunal de Circuito de Apelaciones. El Circuito acogió el recurso como certiorari y denegó su expedición por haberse radicado fuera de término.

## III

Notamos que la **resolución** ante nos declaró sin lugar la demanda de intervención en sus méritos. Esa intervención, - formulada a escasos días de realizado un embargo- se produjo bajo la Regla 21.5 de Procedimiento Civil,[9] que como **cuestión de derecho absoluto siempre** la autoriza cuando se embarga una propiedad perteneciente o con interés de un tercero.

---

[8] Nos encontramos, otra vez, ante uno de los silogismos de Banco Santander v. Fajardo Farms, supra, a saber, como de ordinario una sentencia se dicta después de una vista evidenciaria, la resolución de autos emitida luego de una vista evidenciaria, es una sentencia.

[9] Reza:

Aunque de los autos surge que se prescindió de una contestación formal, de las minutas se desprende que en la vista evidenciaria implícitamente la demandante <u>Progressive</u> negó las alegaciones de la demanda de la interventora <u>L.S.M. General Contractor, S.E.</u>, y sometió a contrainterrogatorio a sus testigos. Así dilucidada, el foro de instancia, declaró improcedente la demanda; criterio que reiteró al oportunamente acceder, a solicitud de la interventora, a formular determinaciones de hecho y conclusiones de derecho.

La Regla 43.3 de Procedimiento Civil autoriza solicitar determinaciones de hechos y conclusiones de derecho, diez (10) días después de archivada en autos copia de la notificación de una **sentencia**. **No autoriza ese trámite en cuanto a resoluciones**. Por ende, la interrupción del término jurisdiccional de treinta (30) días bajo ese trámite no se da ante una Resolución. **Sin embargo, aquí tuvo ese efecto interruptor por tratarse de una sentencia**.

IV

En resumen, el dictamen del Tribunal de instancia contra las pretensiones de la interventora L.S.M. General Contractor **S.E.**, en nada alteró la declaración judicial de hechos y derecho, o sea la finalidad y firmeza de la Sentencia dictada tres (3) años antes en el pleito entre Progressive y L.S.M. General Construction, **Inc.** La demanda de intervención de L.S.M. General Contractor, **S.E.**, no era sobre esos hechos, sino su alegado título sobre una porción de los fondos embargados. **El dictamen del Tribunal adjudicó en su contra esa pretendida titularidad, y con ello puso fin a la demanda de intervención. Más allá de su etiqueta, su trámite y naturaleza nos revelan que estamos ante una verdadera sentencia**.

La mal denominada resolución adjudicó la improcedencia de la demanda de intervención. Aunque fue un incidente post-sentencia de tercería- definió y adjudicó **finalmente** las pretensiones de titularidad sobre parte del dinero embargado. **Como controversia distinta a la principal, dilucidada previamente entre las partes originales, generó una sentencia separada revisable vía apelación**.

ANTONIO S. NEGRON GARCIA
Juez Asociado

---

```
     "Siempre que un alguacil procediere a complementar una
orden de ejecución, embargo o cualquier otra orden contra
alguna propiedad mueble o inmueble y dicha propiedad, o
cualquier parte de ella, o algún interés en la misma, fuere
reclamado por un tercero, éste tendrá derecho a presentar una
demanda de intervención. El procedimiento de intervención
relacionado con bienes muebles e inmuebles, se regirá por estas
reglas." (Enfasis nuestro).
```