AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, peticionaria, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado.

*Número:* C-66-68      *Resuelto:* 31 de enero de 1967

---

*José Antonio Arabía* y *Carlos Díaz Lamoutte,* abogados de la peticionaria.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: El obrero Julio Eduardo Cortijo Walker perdió la vida el día 13 de mayo de 1960 en un accidente del trabajo mientras trabajaba para el patrono asegurado Anastacio Rodríguez Cubano. En 17 de enero de 1961 el Administrador del Fondo del Seguro del Estado resolvió que el único dependiente del obrero fenecido era un hermano menor de éste de nombre Víctor Lanzó, también conocido como Víctor Walker Lanzó y se le compensó en la cantidad de $5,184.00.

En agosto 29 de 1961 los demandantes Julia, Pablo, Edwin, Victoria, Isolina, José Amalio, Ángel y Víctor Vicente, todos de apellidos Cortijo Walker, interpusieron demanda en reclamación de daños y perjuicios por la muerte del fenecido obrero Julio Eduardo Cortijo Walker, contra la Autoridad de la Fuentes Fluviales como tercera responsable de dicha muerte. (1)

---

(1) La Autoridad trajo al pleito como tercero demandado al patrono asegurado Anastacio Rodríguez Cubano. En revisión confirmamos una sentencia sumaria desestimando la demanda de tercero contra el patrono asegurado. *Cortijo Walker* v. *A.F.F.*, 91 D.P.R. 574 (1964).

La demandada contestó la demanda y como defensa afirmativa alegó que la demanda no aducía hechos constitutivos de causa de acción a favor de los demandantes. Posteriormente la demandada radicó una moción de desestimación alegando que la causa de acción de los demandantes estaba prescrita por haberse radicado la demanda después de haber transcurrido más de un año desde la muerte del obrero Cortijo Walker.

Celebrada la vista de la moción para desestimar, el Tribunal, en 3 de agosto de 1965 dictó resolución posponiendo su decisión sobre la defensa de prescripción hasta la decisión del caso en sus méritos y concedió término a la demandada para contestar. En la contestación enmendada la demandada reiteró la defensa de prescripción.

El 13 de diciembre de 1965, fecha señalada para la vista del caso en sus méritos, las partes convinieron que era preferible que el Tribunal resolviera la cuestión de prescripción antes de practicarse la prueba. Se le concedieron a los demandantes diez días para alegatos e igual término para que informaran al tribunal si tenían necesidad de presentar prueba para derrotar la defensa de prescripción. Transcurrido dicho término sin que nada hicieran los demandantes, el Tribunal dio por sometida la cuestión y en 31 de enero de 1966 dictó una fundamentada resolución declarando con lugar la defensa de prescripción y en su consecuencia desestimando la demanda y ordenando el archivo del caso. Esta resolución fue notificada a las partes el día 2 de febrero de 1966. Sin embargo no hay constancia de la fecha en que se archivara en los autos copia de dicha notificación.

En 24 de febrero del mismo año 1966 los demandantes radicaron una moción de reconsideración acompañándola de una demanda enmendada. Esta moción fue señalada y discutida el día 11 de marzo. Se concedieron términos a las partes para alegatos y finalmente en 10 de mayo el Tribunal dictó resolución dejando sin efecto la resolución de 31 de enero de

1966 desestimando la demanda y admitió la demanda enmendada. Para revisar esta resolución expedimos un auto de *certiorari*.

Sostiene la peticionaria, que (1) el Tribunal Superior carecía de jurisdicción para reconsiderar su Resolución de 31 de enero de 1966, y (2) las acciones de los demandantes están prescritas.

Convenimos con la peticionaria en que la resolución de 31 de enero de 1966 participa de la naturaleza de una sentencia pues tenía el efecto de desestimar la demanda y de archivar el pleito definitivamente dando por terminado el litigio en vista de que había prescrito la acción ejercitada. En su consecuencia la moción de reconsideración debió radicarse dentro de los 15 días de haberse archivado en autos copia de la notificación de dicha resolución.

Se solicitó la reconsideración el día 24 de febrero de 1966, aparentemente después de transcurrir más de 15 días desde la notificación de la sentencia, pero como no hay constancia de la fecha en que se archivó en los autos copia de la notificación de la referida resolución o sentencia, no hay manera de saber y determinar la fecha en que comenzó a correr el término jurisdiccional de 15 días. No puede por lo tanto sostenerse que el Tribunal de instancia carecía de jurisdicción para reconsiderar su resolución de 31 de enero de 1966.

Al solicitar la reconsideración de la resolución o sentencia que declaró con lugar la defensa de prescripción, los demandantes alegaron que entre ellos había menores de edad y que la prescripción no corría contra éstos. Además acompañaron a su moción una demanda enmendada que fue admitida por el Tribunal. La demandada contestó esa demanda y entre sus defensas incluyó la de la prescripción de las acciones ejercitadas.

En vista del estado de los procedimientos, es preferible permitir al tribunal de instancia que pase sobre la defensa

de prescripción y oiga, si alguna se ofrece, la prueba de las partes sobre tal defensa.

*Por las razones expuestas se anulará el auto expedido y se devolverá el caso para ulteriores procedimientos.*