Progressive Finance & Investment Corporation, demandante, apelada y recurrida, *v.* LSM General Construction, Inc., demandado. LSM General Contractor S.E., interventora, apelante y peticionaria.

*Número:* CC-97-228          *Resuelto:* 4 de febrero de 1998

*Lilia M. Quiñones Fuentes* y *Aida M. Quiñones Fuentes*, de *Quiñones & Quiñones*, abogadas de la parte peticionaria; *Alodia Bauzá de Huertas*, abogada de la parte recurrida.

## SENTENCIA

## (REGLA 50)

La parte peticionaria de epígrafe, LSM General Contractor, S.E. nos solicita que revisemos la resolución dictada el 25 de marzo de 1997 por el Tribunal de Circuito de Apelaciones. En dicha resolución se acogió una apelación instada por la peticionaria como un recurso de *certiorari* y se denegó su expedición por haber sido presentado tardíamente. Entendemos que el tribunal a quo se equivocó en su dictamen, por lo que, al amparo de la Regla 50 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XX-A, *revocamos*.

### I

El 21 de octubre de 1992 el Tribunal Superior de Puerto Rico, Sala de Humacao, dictó una sentencia sumaria mediante la cual ordenó a la parte allí demandada, LSM General Construction, Inc., a pagar a la demandante y recurrida ante nos, Progressive Finance & Investment Corp., la suma de quince mil trescientos veinticinco dólares con cincuenta y cinco centavos ($15,325.55), más los intereses legales a partir de 31 de julio de 1991. Se archivó en autos

una copia de la notificación de dicha sentencia el 4 de noviembre de 1992; ésta advino final y firme.

El 5 de diciembre de 1994, en una Moción Informativa sobre Ejecución de Sentencia, LSM General Construction, Inc. informó que la parte demandante en ese pleito, ante nos recurrida, había embargado bienes pertenecientes a una tercera parte. Nótese que la tercera parte a quien le habían embargado bienes en ejecución de la sentencia, LSM General Contractor, S.E., es la peticionaria ante nos.

El 13 de enero de 1995, Progressive Finance & Investment Corp. presentó ante el foro de instancia una moción mediante la cual argumentó que un miembro de una sociedad especial no constituye un ente jurídicamente independiente de ésta. Adujo, por ello, que procedía el embargo de bienes pertenecientes a LSM General Contractor, S.E. El 24 de enero de 1995 el tribunal ordenó que se efectuara el pago correspondiente a Progressive Finance & Investment Corporation.

Es ante esta situación que tres (3) años después de dictada la sentencia contra LSM General Construction, Inc., el 30 de enero de 1995, la interventora peticionaria de epígrafe presentó ante el Tribunal de Primera Instancia una moción para solicitar intervención.[1] LSM General Contractor S.E. expuso que tenía sólo un dos porciento (2%) de participación en el haber social de LSM General Construction, Inc. y que el embargo de sus bienes, efectuado al amparo de la orden judicial de 24 de enero de 1995, había excedido su participación en el haber social de la demandada, por lo que, en cuanto al exceso, la ejecución de la sentencia era nula.

El tribunal celebró una vista evidenciaria y denegó la intervención mediante una resolución emitida el 26 de junio de 1995 y notificada el 30 de junio de 1995. El 10 de julio de 1995, LSM General Contractor S.E. presentó una

---

[1] La parte peticionaria no presentó una demanda de nulidad de embargo, prefiriendo atacarlo, solicitando la intervención en el pleito original.

moción para solicitar determinaciones de hecho y conclusiones de derecho al amparo de la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.(²) El tribunal emitió una resolución el 28 de agosto de 1995 en la que formuló nueve (9) determinaciones de hecho;(³) la notificación de esta resolución se archivó en autos el 29 de agosto de 1995.

Inconforme, el 28 de septiembre de 1995, LSM General Contractor S.E. presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones.(⁴) La apelación pretendía la revisión de la resolución emitida por el Tribunal de Primera Instancia que declaró sin lugar su petición de intervención. Se presentó ante el foro a quo el apéndice conjunto el 30 de octubre de 1995.

---

(²) La Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone:

"Regla 43.3. Enmiendas o determinaciones iniciales o adicionales

"No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación o revisión, pero a moción de parte, presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias, de acuerdo a[sic] la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad. La moción se podrá acumular con una moción de reconsideración o de nuevo juicio de acuerdo con las Reglas 47 y 48 respectivamente. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado moción para enmendarlas, o no haya solicitado sentencia."

(³) En la resolución emitida el 28 de agosto de 1995, el tribunal de instancia expuso nueve (9) determinaciones de hecho que disponen sobre el testimonio en la vista del Presidente de L.S.M. General Construction, Inc., Sr. Luis Santana Mendoza. Determinó el tribunal: (1) que el señor Santana Mendoza es también socio de L.S.M. General Contractor S.E.; (2) que él testificó en la vista celebrada como Presidente de la corporación; (3) que él desconoce cuándo se reunieron por última vez los accionistas de la corporación; (4) que él "hace negocios de construcción"; (5) que desconocía la participación de la corporación en la sociedad especial; (6) que al preguntársele sobre la escritura de sociedad especial, él contestó no saber leer inglés ni tener conocimiento sobre lo dispuesto en la escritura; (7) que no negoció el contrato con el municipio de Luquillo ni tiene conocimiento de sus términos; (8) que de su testimonio surgió que en el contrato financiero de pólizas de seguros se incluyeron varias pólizas financieras de bienes personales pertenecientes al testigo, a la corporación e inclusive a otra corporación, y (9) que el testigo desconocía la participación de la corporación y de la sociedad especial en el contrato con el municipio de Luquillo y no conoce qué porción del dinero embargado correspondía a cada cual.

(⁴) Nótese que la apelación fue sometida ante el Tribunal de Circuito de Apelaciones noventa (90) días después de la fecha de notificación de la resolución de instancia que denegó la intervención, pero pasados sólo treinta (30) días desde la fecha de notificación de la resolución en que ese foro formuló determinaciones de hecho adicionales.

El 25 de marzo de 1997 el Tribunal de Circuito de Apelaciones, mediante resolución, acogió el escrito de revisión presentado como *certiorari* y no como apelación, y denegó la expedición del recurso por entender que éste fue presentado fuera de término. El tribunal a quo concluyó, además, que la Regla 43.3 de Procedimiento Civil, *supra*, no aplicaba al caso y a tenor con la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III,([5]) éste debía ser denegado. Esa resolución fue notificada el 1ro de abril de 1997.

Por quedar insatisfecha con esa resolución es que recurre ante nos la peticionaria, LSM General Contractor S.E., con una petición de *certiorari* que formula el señalamiento de error siguiente:

> Erró el Honorable Tribunal de Circuito de Apelaciones al acoger el recurso radicado como de Certiorari y no como uno de Apelación y denegar el auto solicitado por haber sido radicado fuera de término.

Emitimos una resolución el 30 de mayo de 1996 para concederle a la parte recurrida un término de veinte (20) días para que mostrase causa por la cual no procedía expedir el auto solicitado con el fin de revocar la resolución recurrida. Nuestra resolución fue notificada el 2 de junio de 1997. La parte recurrida cumplió oportunamente con el cometido ordenado, mediante un escrito denominado "Oposición a Petición de *Certiorari*" presentado el 20 de junio de

---

([5]) Dispone la Regla 53.1(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III:

"REGLA 53. PROCEDIMIENTOS PARA INTERPONER UNA APELACIÓN, UN RECURSO DE REVISIÓN Y UN RECURSO DE CERTIFICACIÓN

"53.1. Cuándo y cómo se hará

. . . . . . . .

"(d) El transcurso del término para apelar o para solicitar el recurso de revisión se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones: (1) *declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción*; (2) resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47; (3) denegando una moción de nuevo juicio bajo la Regla 48." (Énfasis suplido.)

1997, por lo que estamos listos para resolver según lo intimado.

## II

Examinados los escritos presentados por las partes, expedimos el auto solicitado y al amparo de la Regla 50 del Reglamento de este Tribunal, *supra, revocamos la resolución emitida por el Tribunal de Circuito de Apelaciones el 25 de mayo de 1997 y devolvemos el caso a ese foro para que lo evalúe y resuelva en sus méritos como proceda.*

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Negrón García emitió una opinión concurrente. El Juez Asociado Señor Corrada Del Río emitió una opinión de conformidad, a la que se unieron el Juez Presidente Señor Andréu García y el Juez Asociado Señor Fuster Berlingeri. El Juez Asociado Señor Rebollo López concurrió sin una opinión escrita.

La Juez Asociada Señora Naveira de Rodón hace constar que disiente por entender que lo resuelto en *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237 (1996), no es de aplicación al caso de autos. Los hechos procesales en ambos casos son claramente distinguibles. Tratándose de la revisión de una resolución y no de una sentencia, y no estando presente las circunstancias que avalaron nuestra decisión en el caso de *Bco. Santander P.R. v. Fajardo Farms Corp.*, supra, el recurso apropiado para revisarla ante el Tribunal de Circuito de Apelaciones era el de *certiorari.* De otra parte, la moción para solicitar determinaciones de hecho adicionales, presentada al amparo de la Regla 43.3 de Procedimiento Civil, *supra*, no interrumpe el término para revisar resoluciones. Por lo tanto, el Tribunal de Circuito de Apelaciones actuó correctamente al acoger el recurso de apelación presentado como uno de *certiorari* y luego denegarlo por haber sido radicado fuera del término

jurisdiccional estatutario. El Juez Asociado Señor Hernández Denton disintió sin una opinión escrita.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— O —

Opinión concurrente del Juez Asociado Señor Negrón García.

I

Como un espíritu fantasmal que se pasea impunemente por los pasillos de este Tribunal y se niega a ser enterrado, el ilógico precedente de *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237 (1996), sigue generando confusión. Allí la mayoría quebró el concepto unitario del proceso judicial civil que se inicia con la demanda y continúa en etapas con una serie de actos jurídicamente tutelados por el Tribunal, con la participación de las partes, según la lógica en que se inspiran las Reglas de Procedimiento Civil.

*Sostuvo la tesis de que una resolución postsentencia según la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, constituía una sentencia final en supuesto pleito independiente, ficticiamente creado por la mayoría.* En su abono citó *A.F.F. v. Tribunal Superior*, 93 D.P.R. 903 (1967); *Arroyo v. Quiñones*, 77 D.P.R. 513 (1954), y *Rodríguez v. Tribl. Mpal. y Ramos*, 74 D.P.R. 656 (1953), claramente inaplicables, pues en esa casuística los dictámenes *desestimaron las demandas* y, por ende, pusieron *fin* a los litigios. Definitivamente, siendo sentencias fueron erróneamente denominadas como resoluciones. Se trataba de situaciones distinguibles, a saber, *adjudicaciones finales*, las cuales distan mucho de ser una negativa en incidente

postsentencia para dejarla sin efecto al amparo de la aludida Regla 49.2.([1])

Distinto a *Bco. Santander P.R. v. Fajardo Farms Corp.*, supra, en el caso de autos estamos ante una *sentencia* equivocadamente denominada *Resolución; insistir en lo contrario es crear otra ficción.* Expongamos su trasfondo procesal.

## II

El 21 de octubre de 1992 el Tribunal Superior, Sala de Humacao, sentenció a LSM General Construction, *Inc.* a pagar a Progressive Finance & Investment Corp. (en adelante Progressive) quince mil trescientos veinticinco dólares con treinta y cinco centavos ($15,325.35), más intereses legales. *Dicha sentencia se archivó el 4 de noviembre y advino final y firme.* El 26 de enero de 1993 se expidió un mandamiento de ejecución, el cual fue diligenciado el 9 de noviembre de 1994 mediante la retención de unos fondos en poder del municipio de Luquillo.

El 30 de enero de 1995, LSM General Contractor *S.E.*, solicitó intervenir en el pleito entre Progressive y LSM General Construction, *Inc.* Alegó que LSM General Construction, Inc. sólo tenía el 2% de la participación de la sociedad y el embargo excedió dicha participación.

Este escrito —aunque denominado solamente *Intervención*— es una *demanda. Primero*, sigue el clásico formato y contenido —epígrafe, comparecencia, alegaciones, súplica y notificación— de una *demanda. Segundo*, substantivamente hablando, la demanda aduce hechos constitutivos de un *embargo ilegal* y solicita como remedio la devolución del dinero al interventor, alegado titular de éste. *Tercero*, con su presentación *se adhirieron y cancelaron los derechos correspondientes a una demanda*: veinte dólares ($20) en Sellos de Rentas Internas y el sello forense de un dólar

---

([1]) Nos encontramos, otra vez, ante uno de los silogismos de *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237 (1996), a saber, como de ordinario una sentencia se dicta después de una vista evidenciaria, la resolución de autos emitida luego de una vista evidenciaria es una sentencia.

($1). Progressive nunca formuló formalmente una contestación. En una vista celebrada el 16 de marzo el tribunal, luego de escuchar los planteamientos de las partes, *permitió la intervención* y señaló una vista en sus méritos a los únicos efectos de poder resolver si procedía el embargo.

La *vista evidenciaria* se celebró el 6 de junio. La interventora LSM General Contractor S.E. presentó dos (2) testigos que fueron contrainterrogados por la demandante *Progressive.* El 26 de junio el tribunal denegó la intervención con una simple resolución de no ha lugar. LSM General Contractor S.E. solicitó determinaciones de hecho adicionales, las cuales el tribunal concedió, pero reiteró su negativa con fundamentos. Aunque no es determinante, su archivo en autos fue notificado en un volante titulado *Notificación de Sentencia.* Inconforme, noventa (90) días después de notificada la resolución original, pero treinta (30) días desde que se le notificaron las determinaciones de hecho requeridas, LSM General Contractor S.E. *apeló* al Tribunal de Circuito de Apelaciones. Ese tribunal acogió el recurso como *certiorari* y denegó su expedición por haberse presentado fuera de término.

### III

Notamos que la *resolución* ante nos declaró sin lugar la demanda de intervención en sus méritos. Esa intervención —formulada a escasos días de realizado un embargo— se produjo al amparo de la Regla 21.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III,[2] que como *cuestión de derecho absoluto siempre* la autoriza cuando se embarga una propiedad perteneciente, o con interés, de un tercero.

---

[2] Dispone:

"*Siempre.* que un alguacil procediere a complementar una orden de *ejecución, embargo* o cualquier otra orden contra alguna propiedad *mueble* o inmueble y dicha propiedad, o cualquier parte de ella, o algún interés en la misma, fuere reclamado por un tercero, *éste tendrá derecho a presentar una demanda de intervención.* El procedimiento de intervención relacionado con bienes muebles e inmuebles, se regirá por estas reglas." (Énfasis suplido.) 32 L.P.R.A. Ap. III.

Aunque de los autos surge que se prescindió de una contestación formal, de las minutas se desprende que en la vista evidenciaria implícitamente la demandante *Progressive* negó las alegaciones de la demanda de la interventora *LSM General Contractor S.E.* y sometió a contrainterrogatorio a sus testigos. Así dilucidada, el foro de instancia declaró improcedente la demanda; criterio que reiteró al oportunamente acceder, a solicitud de la interventora, a formular determinaciones de hecho y conclusiones de derecho.

La Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, autoriza a solicitar determinaciones de hecho y conclusiones de derecho, diez (10) días después de haber sido archivada en autos copia de la notificación de una *sentencia. No autoriza ese trámite en cuanto a resoluciones.* Por ende, la interrupción del término jurisdiccional de treinta (30) días, según ese trámite, no se da ante una resolución. *Sin embargo, aquí tuvo ese efecto interruptor por tratarse de una sentencia.*

## IV

En resumen, el dictamen del tribunal de instancia contra las pretensiones de la interventora LSM General Contractor *S.E.*, en nada alteró la declaración judicial de hechos y derecho, o sea la finalidad y firmeza de la sentencia dictada tres (3) años antes en el pleito entre Progressive y LSM General Construction, *Inc.* La demanda de intervención de LSM General Contractor *S.E.* no era sobre esos hechos, sino su alegado título sobre una porción de los fondos embargados. *El dictamen del Tribunal adjudicó en su contra esa pretendida titularidad, y con ello puso fin a la demanda de intervención. Más allá de su etiqueta, su trámite y naturaleza nos revelan que estamos ante una verdadera sentencia.*

La mal denominada resolución adjudicó la improcedencia de la demanda de intervención. Aunque fue un incidente postsentencia de tercería, definió y adjudicó *final-*

*mente* las pretensiones de titularidad sobre parte del dinero embargado. *Como controversia distinta a la principal, dilucidada previamente entre las partes originales, generó una sentencia separada revisable vía apelación.*

— O —

Opinión de conformidad emitida por el Juez Asociado Señor Corrada Del Río, a la cual se unen el Juez Presidente Señor Andréu García y el Juez Asociado Señor Fuster Berlingeri.

Estamos conformes con la sentencia emitida por este Tribunal en el día de hoy, por considerar que el Tribunal de Circuito de Apelaciones erró al acoger el recurso como un *certiorari* y no como una apelación, y al denegar la expedición del auto por presentación tardía. La resolución dictada el 20 de junio de 1995 por el tribunal de instancia resolvió finalmente la cuestión litigiosa presentada por la interventora y no dejó nada para una futura determinación. Por lo tanto, lo emitido por el foro de instancia constituye, en efecto, una sentencia de la cual se puede presentar una moción al amparo de la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

En su Resolución de 25 de mayo de 1997, el Tribunal de Circuito de Apelaciones expresó su criterio de que la peticionaria presentó su recurso noventa (90) días después de la fecha de la notificación de la resolución del Tribunal de Primera Instancia. Entendió el tribunal a quo que esa parte tomó erróneamente la fecha de la resolución del tribunal de instancia, sobre la moción en la cual se solicitan determinaciones de hecho y conclusiones de derecho, como base para acudir ante el foro apelativo. Explicó el Tribunal de Circuito de Apelaciones que la Regla 43.3 de Procedimiento Civil, *supra*, no dispone que una parte pueda solicitar determinaciones de hecho y conclusiones de derecho de una resolución; por lo que una moción al amparo de esa regla no interrumpe el término para presentar un recurso

de *certiorari*, según la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Es decir, el tribunal apelativo dispuso que dicha moción sólo interrumpe el término para solicitar la apelación o revisión de una *sentencia*. Por esos fundamentos, fue del criterio de que la moción que solicitaba determinaciones de hecho y conclusiones de derecho presentada por la peticionaria no interrumpió el término que tenía ésta para acudir en alzada ante ese tribunal, lo que llevó a la presentación tardía del recurso.

Es correcto el análisis del Tribunal de Circuito de Apelaciones en cuanto a las disposiciones que controlan el trámite apelativo para la revisión de una resolución emitida por instancia. No obstante, erró dicho foro apelativo al acoger el recurso presentado como uno de *certiorari* y no como una apelación, y denegar el auto solicitado por haber sido presentado fuera de término.

Este Tribunal ha establecido que cuando un tribunal dicta una resolución, pero ésta verdaderamente pone fin a la controversia entre las partes, la referida resolución constituye una sentencia final sobre la cual puede interponerse un recurso de apelación. En *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237 (1996), señalamos que para enmarcar un dictamen judicial dentro de las clasificaciones de resolución o sentencia se deben evaluar sus efectos jurídicos y no sólo su denominación.[1]

La parte peticionaria en el caso de autos arguye que la decisión del Tribunal de Primera Instancia fue final y firme

---

[1] Nótese que los hechos de *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237 (1996), son *análogos* a los de este recurso. En dicho caso, una parte demandada solicitó el relevo de la sentencia tres (3) años después de ésta haber sido emitida en su contra, por ésta haber sido emitida por un tribunal que carecía de jurisdicción sobre su persona. La solicitud de relevo de sentencia fue denegada por instancia mediante resolución. La parte demandada solicitó a instancia la reconsideración y determinación de hechos adicionales, los cuales fueron denegados por el tribunal. La parte acudió al Tribunal de Circuito de Apelaciones con una apelación, pero ese foro interpretó que, tratándose de una revisión de una resolución interlocutoria, ella podía ser atacada sólo por un recurso de *certiorari* y que como tal el recurso fue presentado tardíamente, por lo que no había jurisdicción para revisar. En aquella ocasión revocamos por entender que la "resolución" del tribunal de instancia constituía una sentencia que le brindó finalidad al litigio, por lo que procedía la apelación instada.

al disponer totalmente de la controversia en cuanto a si eran embargables sus bienes para ejecutar una sentencia dictada contra otra parte. Estamos de acuerdo. Al ser denegada su moción de intervención sobre la sentencia emitida tres (3) años antes, en lo que a la peticionaria respecta, el trámite legal se dio por terminado ante instancia. Lo que significa que, aunque el Tribunal de Primera Instancia denominó su decisión como resolución, lo emitido realmente constituía una sentencia; o sea, una determinación del tribunal que resuelve finalmente la cuestión litigiosa y de la cual puede presentarse moción al amparo de la Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Notamos, además, que la notificación de la "resolución" emitida por instancia el 26 de junio de 1995 se hizo en un formulario de notificación de sentencia y se expresó que el tribunal había dictado sentencia, de la cual podía apelarse.(²)

Por lo tanto, consideramos que en el caso de autos procedía la presentación de la moción para solicitar determinaciones de hecho adicionales y conclusiones de derecho. Era a partir de la notificación de la determinación del tribunal a quo, en la cual ésta resolvía, el 29 de agosto de 1995, que comenzaba a decursar el término para acudir en apelación. El recurso de apelación fue correcta y oportunamente presentado el 28 de septiembre de 1995, por lo que el Tribunal de Circuito de Apelaciones deberá acogerlo como tal y entender sobre los méritos del caso.

---

(²) Véase el Apéndice de la Petición de *certiorari* presentada por la parte peticionaria el 1ro de mayo de 1997, pág. 27.