Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SOUTHERN HORIZONS, INC.<br><br>Demandante-Recurrido<br><br>v.<br><br>JOSÉ A. LÓPEZ CARTAGENA Y OTROS<br><br>Demandados-Recurridos<br><br>ÁNGEL LUIS GONZÁLEZ ESPERÓN Y OTROS<br><br>Terceros Demandados-Peticionarios | KLCE202401182 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.:<br>G PE2014-0092<br><br>Sobre: *Injunction* Posesorio |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Álvarez Esnard, jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 diciembre de 2024.

Comparece ante nos el señor Ángel Luis González Esperón ("el señor González Esperón" o "el peticionario") mediante un recurso de *Certiorari*. Nos solicita la revocación de la *Resolución* emitida el 16 de julio de 2024 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Guayama ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro primario declaró *No Ha Lugar* la *Moción de Desestimación a la luz de la Regla 39.2(a) y Regla 16.1 de Procedimiento Civil*, pues determinó que la parte demandante emplazó debidamente al señor González Esperón. A su vez, resolvió que el peticionario se sometió voluntariamente a la jurisdicción sin levantar una defensa afirmativa al respecto.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

Número Identificador

SEN(RES)2024_____

**I.**

En aras de brindar una cabal comprensión sobre los hechos medulares del recurso de epígrafe, presentamos una relación detallada del tracto procesal correspondiente a tres (3) casos instados ante el Tribunal de Primera Instancia: (1) G JV2004-0312, (2) G3CI200700176, y (3) GPE2014-0092.

El presente caso tuvo su génesis el **15 de octubre de 2004** mediante la radicación de una *Petición Ex parte* (G JV2004-0312) sobre expediente de dominio por el señor José Ángel López Cartagena ("el señor López Cartagena").[1] En síntesis, éste alegó ser el propietario de un bien inmueble radicado en el municipio de Patillas, cuya descripción es la siguiente:

> URBANA: Casa residencial de una sola planta construida en madera tratada, cemento y la cual consta de sala comedor, cocina, tres (3) cuartos dormitorios, dos (2) baños, un laundry (baño y laundry) en cemento, enclavada en un solar que mide Quinientos Metros Cuadrados (500.00 m/c) localizado en el Barrio Guardarraya, frente a la Comunidad Recio, del municipio de Patillas, Puerto Rico. En lindes por el Norte, con la Carretera Estatal Puerto Rico Tres (PR-3); por el Sur, con la playa del Mar Caribe; por el Este, con solar ocupado por Domingo Peña; y por el Oeste, con solar ocupado por Dora Delfi.[2]

A la luz de lo anterior, aseveró que el **29 de diciembre de 2001** adquirió dicho bien inmueble "mediante compra a José Ángel López Ortiz", según consta en la *Escritura Número Veintidós (22)* suscrita ante notario.[3] En virtud de ello, agregó que es poseedor de buena fe y con justo título. Por tanto, solicitó una declaración judicial de dominio justificado y la expedición de orden de inscripción ante el Registro de la Propiedad una vez celebrado el trámite correspondiente.

En atención a dicha solicitud, el **9 de febrero de 2006**, el tribunal recurrido celebró vista.[4] Tras evaluar la prueba desfilada en

---

[1] Apéndice de la parte recurrida, págs. 1-3.
[2] Apéndice de la parte recurrida, pág. 1.
[3] Apéndice de la parte recurrida, pág. 1.
[4] Apéndice de la parte recurrida, págs. 7-8.

dicho proceso, el **6 de julio de 2006**, dictó *Resolución,* notificada el 12 de julio de 2006, en la cual decretó justificado el dominio a favor del señor López Cartagena y, en su consecuencia, ordenó la inscripción ante el Registro de la Propiedad.[5]

A raíz de ese dictamen, el **22 de agosto de 2007**, Southern Horizons, Inc. ("Southern", en adelante)[6] instó una *Demanda Jurada Solicitud de Injunction Preliminar y Permanente* (G3CI200700176) contra el señor López Cartagena.[7] En esencia, adujo que el demandado ocupa ilegalmente la propiedad en controversia. En vista de ello, solicitó la expedición del recurso extraordinario aludido, a los fines de prohibir todo acto que afecte su derecho propietario.

Aún pendiente ese litigio, el **9 de marzo de 2009**, el señor López Cartagena vendió la propiedad en cuestión al señor Ángel Luis González Esperón ("el señor González Esperón") mediante la *Escritura Número (5)* de compraventa otorgada ante notario.[8]

Así las cosas, el **22 de mayo de 2009**, Southern presentó una *Demanda contra Tercero* (G3CI200700176), es decir, contra el señor González Esperón.[9] En esta reclamación, argumentó que el tercero demandado debió saber que dicha propiedad no le pertenecía al vendedor. Por lo que, requirió su desalojo inmediato y la demolición de la estructura levantada. **Respecto a esta reclamación contra tercero, surge del expediente ante nuestra consideración que se**

---

[5] Apéndice de la parte peticionaria, págs. 33-34.

[6] **En la actualidad la parte demandante es Patillas Paradiso, LLC, quien es la entidad sucesora Southern**. (Énfasis nuestro).

[7] Apéndice de la parte peticionaria, págs. 36-45. Corresponde puntualizar que, el 10 de octubre, el señor López Cartagena sometió una *Moción Solicitando Se Enmiende Resolución* sobre expediente de dominio del caso GJV2004-0312. En este escrito solicitó que el tribunal enmendara la aludida determinación judicial fundamentado en el siguiente error:

> **Que por error involuntario se hizo constar en la petición de este caso que el peticionario era soltero, cuando lo correcto es que este está casado con la Sra. Marta Luisa Ortiz Flores, y en adición se hizo constar que había adquirido la propiedad concernida mediante la compra a José Ángel López Ortiz, cuando fue a través de donación**. (Énfasis nuestro). Véase Apéndice de la parte recurrida, pág. 16.

[8] Apéndice de la parte peticionaria, págs. 40-45.

[9] Apéndice de la parte peticionaria, págs. 46-47.

**diligenció el emplazamiento el 25 de octubre de 2009**. (Énfasis nuestro).[10]

**En respuesta a tales alegaciones, el 22 de diciembre de 2009, el señor González Esperón sometió una *Contestación a Demanda contra Tercero* (G3CI200700176)**.[11] (Énfasis nuestro). En esencia, argumentó que compró dicha propiedad como adquirente y edificante de buena fe. Por tal razón, solicitó que el tribunal declarara *Sin Lugar* el reclamo instado en su contra y determinara su derecho como tercero registral en virtud de la reconvención solicitada.

Sin dilucidarse aún la controversia, el **7 de mayo de 2014**, Southern solicitó intervenir en el caso G JV2004-0312 mediante la presentación de la *Demanda Enmendada de Intervención y Demanda contra Tercero*.[12] En esta ocasión, señaló que el señor López Cartagena pretendió de mala fe justificar el dominio en incumplimiento del Artículo 237 de la Ley del Registro de la Propiedad Inmobiliaria (1979).[13] En vista de lo anterior, solicitó que el tribunal permitiera su intervención para iniciar el pleito de impugnación sobre la validez del dominio. En atención a lo anterior, el foro primario celebró una vista de seguimiento el **15 de mayo de 2014**. Allí las partes reiteraron sus respectivas posiciones.

En el ínterin del caso génesis (G JV2004-0312), el **3 de octubre de 2014**, Southern presentó una *Demanda Enmendada* (GPE2014-0092) contra el señor González Esperón.[14] En esta reclamación, sostuvo que no opera la protección del tercero registral a favor del demandado, toda vez que medió mala fe en la adquisición

---

[10] Apéndice de la parte recurrida, págs. 21-22.
[11] Apéndice de la parte peticionaria, págs. 48-51.
[12] Apéndice de la parte peticionaria, págs. 52-56.
[13] Ley Núm. 198 de 8 de agosto de 1979, según enmendada, 30 LPRA sec. 2767.
[14] Apéndice de la parte recurrida, págs. 33-37. **Conviene resaltar que, el 30 de junio de 2014, el foro primario emitió un *Acuse de Recibo de Expediente de Traslado* en el cual dispuso que "se recibió el en esta Secretaría, en grado de traslado, el expediente G3CI200700176 procedente de esa Sala y el mismo ha sido radicado con el número G PE2014-0092"**. Véase Apéndice de la parte recurrida, pág. 32. (Énfasis nuestro).

del bien en litigio. Por tanto, solicitó la nulidad de la *Resolución* del 6 de julio de 2006 en torno al expediente de dominio.

No obstante, el **5 de febrero de 2015**, el foro primario luego de examinar la totalidad del expediente a la luz del derecho aplicable, dictó *Sentencia,* notificada el 10 de febrero de 2015 en el caso G JV2004-0312.[15] En este dictamen concluyó que "lo que adquirió el peticionario mediante la escritura número veintidós, antes citada, fue el dominio y la titularidad de la edificación".[16] En esa dirección, resolvió que no "existe evidencia en el expediente de autos que acredite la notificación del dueño anterior, ni su citación por el Tribunal".[17] Considerado lo anterior, el foro primario declaró nulo el dominio inscrito en virtud de la *Resolución* del 6 de julio de 2006. Consecuentemente, ordenó la cancelación de la inscripción registral y la desestimación con perjuicio de la presente causa de acción.

En desacuerdo, el señor López Cartagena recurrió al proceso apelativo. Así las cosas, el **22 de mayo de 2015**, este Tribunal de Apelaciones emitió *Sentencia* (KLAN201500426) en la cual revocó la *Sentencia* apelada del caso G JV2004-0312, a los fines de que el tribunal recurrido evaluara si la propiedad objeto del caso forma o no parte de la finca inscrita a nombre de Southern.[18] Dispuso, también, que la intervención de Southern debió atenderse en un pleito separado y no mediante el caso de expediente de dominio

> A pesar de que fue instada bajo el mismo número del expediente de dominio, la solicitud de intervención de Southern constituye, en rigor, un procedimiento separado para atacar colateralmente la inscripción a favor de dicha parte. Véanse, Bco. Santander P.R. v. Fajardo Farms Corp., 141 D.P.R. 237, 246 (1996); Progressive Finance v. LSM General Const., 144 D.P.R. 796 (1998); véase, además, Figueroa v. Del Rosario, 147 D.P.R. 121, 129 (1998).[19]

---

[15] Apéndice de la parte recurrida, págs. 39-47.
[16] Apéndice de la parte recurrida, pág. 45.
[17] Apéndice de la parte recurrida, pág. 46.
[18] Apéndice de la parte peticionaria, págs. 57-69.
[19] Apéndice de la parte recurrida, pág. 57.

A su vez, puntualizó que el señor González Esperón y su esposa debieron ser incluidos en este pleito mediante el correspondiente emplazamiento:

> En el presente caso, al momento del dictamen del Tribunal, la propiedad objeto de la inscripción pertenece al Sr. González Esperón y a su esposa. Estas partes fueron incluidas en el caso GPE2014-0092 instado por Southern ante el Tribunal de Primera Instancia para que se declarase la nulidad de la inscripción, si bien no han sido emplazados. No se les incluyó en el procedimiento de autos.

> Coincidimos con la parte apelante en que se trata de partes indispensables, cuyo interés se afecta de manera significativa por el procedimiento de autos. Como tales, tienen el derecho a ser escuchados en la presente controversia, previo a que se ordene la eliminación de la inscripción. En estas circunstancias, el Tribunal de Primera no podía conceder el remedio solicitado por Southern en ausencia de dichas partes.[20]

Por último, como medida cautelar, el tribunal intermedio ordenó que el foro primario decretara la anotación de la demanda en el Registro de la Propiedad a fin de que cualquier otro adquirente quede apercibido de la controversia.

**De conformidad con el tracto procesal descrito, surge entonces la controversia ante nuestra consideración.**

Luego de numerosas incidencias procesales y aún pendiente el litigio en cuestión, el **4 de diciembre de 2024**, Patillas Paradiso, LLC ("Patillas Paradiso", en adelante), la entidad sucesora de Southern, presentó una *Solicitud de Sentencia Sumaria sobre Nulidad de Expediente de Dominio* en el caso GPE2014-00092.[21] En lo atinente, argumentó que el foro *a quo* no debió emitir la *Resolución* del 6 de julio de 2006, pues el señor López Cartagena (1) identificó erróneamente bajo juramento su estado civil, así como el modo de adquisición de la propiedad en cuestión, (2) incumplió con la citación del dueño anterior según exige nuestro estado de derecho, (3) no consignó que la finca mantuvo la misma configuración, y (4) no presentó un plano a tenor con los requisitos del Departamento

---

[20] Apéndice de la parte recurrida, pág. 61.
[21] Apéndice de la parte peticionaria, págs. 70-108.

de Recursos Naturales, entre otros. En vista de lo anterior, solicitó que el tribunal declarara nulo el dominio inscrito por ser contrario a derecho.

Ante tales alegaciones, el 27 de diciembre de 2023, el señor López Cartagena presentó la *Moción de Desestimación a la Luz de la Regla 39.2(a) y 16.1 de Procedimiento Civil.*[22] En esencia, adujo que se debió emplazar al señor González Esperón como parte indispensable, según ordenó el Tribunal de Apelaciones en la *Sentencia* emitida en el año 2015 (KLAN201500426). En vista del incumplimiento de la orden judicial, sostuvo que procede la desestimación de la presente acción legal (GPE2014-00092).

En atención a tales argumentos, el **31 de enero de 2024**, Patillas Paradiso presentó *Moción en cuanto a "Moción de Desestimación a la luz de la Regla 36.2(a) y la 16.1 de Procedimiento Civil", para que se dé por sometida la Solicitud de Sentencia Sumaria Parcial, sin oposición o, en la alternativa, Solicitud de Término.*[23] Señaló que la moción presentada por el señor López Cartagena no constituye una oposición a la sentencia sumaria, según dispone la Regla 36.3(a) de Procedimiento Civil.[24] Por tal razón, solicitó de nuevo que el tribunal dejara sin efecto —mediante la vía sumaria— la *Resolución* del expediente de dominio y ordenase, consecuentemente, la eliminación de la inscripción ante Registro de la Propiedad.

**Por su parte, el 3 de mayo de 2024, el señor González Esperón compareció, sin someterse a la jurisdicción, mediante la presentación de una *Moción Relativa a Moción Dispositiva*.** (Énfasis nuestro).[25] En aras de fundamentar su solicitud, argumentó que la parte demandante pretende reabrir el caso

---

[22] Apéndice de la parte peticionaria, págs. 109-111.
[23] Apéndice de la parte peticionaria, págs. 112-123.
[24] 32 LPRA Ap. V, R. 36.3(a).
[25] Apéndice de la parte peticionaria, págs. 124-126.

archivado G JV2004-0312. Sin embargo, puntualizó que los términos de emplazamiento caducaron, por lo que, aseveró que el foro primario no tiene jurisdicción sobre su persona. En vista de ello, peticionó la aplicación de la doctrina de ley del caso a la presente controversia.

Tras considerar las posturas de las partes, el **16 de julio de 2024**, el tribunal recurrido dictó *Resolución,* notificada al día siguiente, en la cual declaró *No Ha Lugar* la *Moción de Desestimación a la luz de la Regla 39.2(a) y Regla 16.1 de Procedimiento Civil.*[26] Al respecto, emitió veintisiete (27) determinaciones de hechos:

1. El 15 de octubre de 2004, el señor José Ángel López Cartagena presentó ante el Tribunal de Primera Instancia Sala Superior de Guayama *Petición* sobre Expediente de Dominio la cual se tramitó bajo el número de caso civil G JV2004-0312.

2. Mediante le Petición G JV2004-0312 el señor José Ángel López Cartagena alegó ser dueño de la siguiente propiedad inmueble:

URBANA: Casa residencial de una sola planta, construida en madera tratada y cemento y la cual consta de sala, comedor, cocina, tres (3) cuartos dormitorios, dos (2) baños, un laundry (baño y laundry) en cemento, enclavada en un solar que mide quinientos metros cuadrados (500 m/c), localizada en el Barrio Guardarraya, frente a la Comunidad Recio, del municipio de Patillas, Puerto Rico. En lindes por el Norte, con la Carretera Estatal Puerto Rico Tres (PR-3); por el Sur, con la playa del Mar Caribe; por el Este, con solar ocupado por Domingo Peña; y por el Oeste, con solar ocupado por Dora Delfi.

3. Mediante la Petición G JV2004-0312 el señor José Ángel López Cartagena solicitó al Tribunal que dictara Resolución declarando justificado a su favor el dominio del predio del terreno allí descrito y que se ordenara que la misma fuese inscrita en el Registro de la Propiedad correspondiente a su favor.

4. El 9 de febrero de 2006, el Tribunal celebró vista en su fondo *Ex Parte* en relación con el caso civil número G JV2004-0312.

5. El 6 de julio de 2006, el Tribunal dictó *Resolución* por medio de la cual declaró *Ha Lugar* el Expediente de Dominio en el caso civil G JV2004-0312.

6. El 22 de agosto de 2007, Southern Horizon, Inc., presentó ante el Tribunal de Primera Instancia Sala Superior de Patillas *Demanda Jurada; Solicitud de Injunction Preliminar y Permanente* a la cual se le asignó el número de caso civil G3CI200700176.

---

[26] Apéndice de la parte peticionaria, págs. 2-17.

7. Fechada 4 de octubre de 2007, el señor José Ángel López Cartagena (allí peticionario, aquí co-demandado) presentó el caso G JV2004-0312 *Solicitud solicitando que se Enmiende Resolución* a los fines de que se corrigiera que estaba casado, contrario a ser soltero y que había adquirido la propiedad por donación y no por compraventa, según se había identificado en la *Petición* sobre Expediente de Dominio.

8. El 18 de octubre de 2007, Southern Horizon Inc., presentó *Comparecencia Especial y Solicitud de Intervención* en el caso G3CI200700176.

**9. El 26 de mayo de 2009, Southern Horizon Inc., presentó en el caso civil número G3CI200700176 *Demanda contra Tercero* del señor Ángel Luis González Esperón.**

**10. El 25 de octubre de 2009, se diligenció el emplazamiento personal del señor Ángel Luis González Esperón en relación con el caso civil número G3CI200700176.**

**11. El 12 de noviembre de 2009, el tercero demandado, Ángel Luis González Esperón, presentó en el caso civil número G3CI200700176 *Moción Asumiendo Representación y Prórroga para Alegar.***

**12. El 22 de diciembre de 2009, el tercero demandado, Ángel Luis González Esperón, presentó en el caso civil número G3CI200700176 *Contestación a Demanda contra Tercero* en la cual no levantó ninguna defensa sobre falta de jurisdicción sobre su persona, y además, presentó una Reconvención.**

**13. El 6 de junio de 2014, notificada el 23 de junio de 2014, el Tribunal de Primera Instancia Sala Superior de Patillas emitió *Orden de Traslado* en el caso G3CI200700176 por medio de la cual se dispuso el traslado del caso al Tribunal de Instancia Sala Superior de Guayama.**

**14. El 30 de junio de 2014, el Tribunal de Primera Instancia Sala Superior de Guayama emitió *Acuse de Recibo de Expediente Trasladado* por de la cual identificó haber recibido el expediente del caso G3CI200700176 al cual se le reasignó el número de caso civil PE2014-0082 (pleito de marras) por medio del cual se continuó litigando.**

**15. El 3 de octubre de 2014, la parte demandante presentó *Demanda Enmendada* en el pleito de marras por medio de la cual, en resumen, solicitó que: (1) se decretara que el expediente de dominio seguido en el caso G JV2004-0312 incumple con los requisitos prescritos en el Art. 237 de la Ley Hipotecaria y con la jurisprudencia interpretativa de dicho Artículo, (2) se decrete la nulidad de la resolución emitida en el caso G JV2004-0312 declarando justificado el dominio y ordene al Registrador de la Propiedad, Sección de Guayama, cancelar cualquier inscripción de dominio que hubiese verificado a favor del allí peticionario, (3) se decrete que el demandado Ángel Luis González Esperón no es tercero civil y, por ende, no es tercero hipotecario y (4) se disponga cualquier otro decreto consistente con los derechos de la parte demandante.**

16. El 5 de febrero de 2015, el Tribunal emitió *Sentencia* en el caso G JV2004-0312 por medio de la cual dejó sin efecto la *Resolución* del 6 de julio de 2006, por ser contraria a derecho y declaró nulo el dominio inscrito en virtud de la Resolución del 6 de julio de 2006, en dicho expediente, se ordenó la eliminación de la referida inscripción del Registro de la Propiedad de Puerto Rico sección Guayama, Puerto Rico y desestimó con perjuicio la causa de acción.

17. El 22 de mayo de 2022, el Tribunal de Apelaciones emitió *Sentencia* dejando sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia el 6 de julio de 2006 en el caso G JV2004-0312 al determinar que faltaba una parte indispensable, a saber, el señor Ángel Luis González Esperón.

**18. El 29 de junio de 2017 el TPI emitió *Sentencia* en el caso G JV2004-0312 por medio de la cual desestimó la causa de acción sin perjuicio y ordenó el cierre y archivo del caso habiéndose determinado que el señor Ángel González Esperón era parte indispensable y el tribunal no había adquirido jurisdicción sobre éste.**

19. El 3 de agosto de 2017, notificada el 7 del mismo mes y año, el TPI emitió *Sentencia Enmendada* en el caso G JV2004-0312 a los fines de enmendar la *Sentencia* emitida el 29 de junio de 2017 para incluir las determinaciones de hechos que, erróneamente, habían sido omitidas.

20. El 18 de enero de 2019, notificada el 29 de enero de 2019, el TPI emitió *Orden* en el caso G JV2004-0312 en relación con la *Moción Reiterando Mandato y Otros Extremos* presentada por Southern Horizon, Inc., por medio de la cual la declaró *No Ha Lugar* y determinó que "[e]stando la desestimación sin perjuicio confirmada, procede se presente una nueva causa de acción."

**21. El 14 de febrero de 2020, el tercero demandado, Ángel Luis González Esperón, presentó en el pleito de marras *Contestación a Moción* por medio de la cual, entre otras cosas, solicitó a este Tribunal que considerara la *Resolución* emitida por el Tribunal Apelativo en el caso KLAN2015-00426 como la "Ley del Caso".**

**22. El 28 de septiembre de 2021, el tercero demandado, Ángel Luis González Esperón, presentó en el pleito de marras *Solicitud de Reconsideración* por medio de la cual, entre otras cosas, nuevamente argumentó que la *Resolución* emitida por el Tribunal Apelativo en el caso KLAN2015-00426 debía ser considerada como la "Ley del Caso" en el pleito de marras**.

23. El 30 de septiembre de 2021, este Tribunal emitió y notificó *Resolución y Orden* por medio de la cual, entre otras cosas, declaró *No Ha Lugar* la *Solicitud de Reconsideración* presentada por el tercero demandado, Ángel Luis González Esperón, el 28 de septiembre de 2021.

**24. El 29 de octubre de 2021, el tercero demandado, Ángel Luis Gonzáles Esperón, presentó ante el Tribunal de Apelaciones una *Solicitud de Certiorari* por medio de la cual solicitó la revisión de la *Resolución y Orden* emitida por este Tribunal el 30 de septiembre de 2021, en la cual no identificó ningún señalamiento de error en cuanto a la determinación de este Tribunal de declarar *No Ha Lugar* su solicitud para que se considerara la**

***Resolución* emitida por el Tribunal de Apelaciones en el caso KLAN2015-00426 como la "Ley del Caso" en el pleito de marras**.

25. El 20 de julio de 2023, este Tribunal emitió y notificó *Orden* por medio de la cual concedió a la parte demandante un término de noventa (90) días para, entre otras cosas, para solicitar la sustitución de la parte demandante por Patillas Paradiso LLC, y presentar *Demanda* con la enmienda de la sustitución.

26. El 20 de julio de 2023, este Tribunal emitió independientemente una *Orden* por medio de la cual se ordenó que se añadiera a Patillas Paradiso, LLC en las futuras notificaciones realizadas en el pleito.

**27. El 19 de septiembre de 2023, la parte demandante presentó a la consideración de este Honorable Tribunal *Segunda Demanda Enmendada en Cumplimiento de Orden* en el pleito de epígrafe G PE2014-0092 por medio de la cual se sustituyó al anterior demandante, Southern Horizons, Inc. por Patillas Paradiso LLC y, en resumen, solicitó que: (1) se decretara que el expediente de dominio seguido en el caso G JV2004-0312 incumple dramáticamente con los requisitos prescritos en el Art. 237 de la Ley Hipotecaria y con la jurisprudencia interpretativa de dicho Artículo, (2) se decrete la nulidad de la resolución emitida en el caso G JV2004-0312 declarando justificado el dominio y ordene al Registrador de la Propiedad, Sección de Guayama, cancelar cualquier inscripción de dominio que hubiese verificado a favor del allí peticionario, (3) se decrete que el demandado Ángel Luis González Esperón no es tercero civil y, por ende, no es tercero hipotecario y (4) se disponga cualquier otro decreto consistente con los derechos de la parte demandante**. (Énfasis nuestro).[27]

De conformidad con lo anterior, el foro primario resolvió que la parte demandante presentó válidamente una reclamación de impugnación de expediente de dominio en la cual todas las partes indispensables quedaron debidamente emplazadas, incluyendo al señor González Esperón. Respecto al emplazamiento del tercero demandado, dispuso lo siguiente:

[N]o cabe duda de que el tercero demandado no solamente fue emplazado conforme a derecho, sino que, además, se sometió voluntariamente a la jurisdicción de este tribunal al cumplir con las órdenes emitidas, haber presentado documentos pertinentes dirigidos a la dilucidación de la reclamación incoada en su contra y mediante la presentación de una reconvención.[28]

Por último, puntualizó que el presente dictamen no constituye una determinación en torno a si procede dejar sin efecto el

---

[27] Apéndice de la parte peticionaria, págs. 6-11.
[28] Apéndice de la parte peticionaria, pág. 15.

expediente de dominio autorizado en el caso GJV2004-0312, por lo que, no aplica la doctrina de ley del caso. Así establecido, decretó la continuidad de los procedimientos y ordenó a la parte demandada y al tercero demandado a presentar sus escritos de oposición en torno a la *Solicitud de Sentencia Sumaria sobre Nulidad de Expediente de Dominio* presentada por Patillas Paradiso.

Oportunamente, el **1 de agosto de 2024**, el señor González Esperón sometió una *Solicitud de Reconsideración* sin someterse a la jurisdicción.[29] Indicó que el foro intermedio apelativo previamente había ordenado a la entidad demandante incluir en el pleito al peticionario-demandado. Sin embargo, sostuvo la parte demandante se cruzó de brazo y no le emplazó en el término de ciento veinte (120) días desde que presentó la demanda contra tercero. Por lo anterior, solicitó nuevamente que el tribunal considerara la *Sentencia* apelativa (KLAN201500426) como ley del caso. Evaluados sus argumentos, el **19 de agosto de 2024**, el foro *a quo* emitió *Resolución,* notificada el 27 de septiembre de 2024, en la cual declaró *No Ha Lugar* la reconsideración peticionada.

Inconforme, el **25 de octubre de 2024**, el señor González Esperón recurrió ante este Tribunal de Apelaciones mediante un recurso de *Certiorari.* En su escrito, presentó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia (TPI) al no aplicar la doctrina Ley del caso conforme la determinación en el caso de *Southern Horizon Inc., v. José López Cartagena,* KLAN201500426, en el que se revocó la sentencia del TPI por falta de partes indispensables, en el caso *Southern Horizone Inc, v. José López Cartagena,* GJV2004-0312, sobre expediente de dominio, y en la que se indicaron hechos en controversias, no obstante, actualmente, por medio de sentencia sumaria en el caso GPE2014-0092, la parte demandante - recurrida, reprodujo la sentencia sumaria del caso GVJ2004-0312 que previamente este Tribunal revocó.
>
> Erró el TPI al no determinar que conforme la Regla 4.3 de Procedimiento Civil y el caso *Banco de Desarrollo*

[29] Apéndice de la parte peticionaria, págs. 22-27.

*Económico v. A.M.C. Sugery*, 157 DPR 150 (2002) los términos de los emplazamiento del caso caducaron.

Presentado su recurso, el **28 de octubre de 2024**, esta Curia emitió *Resolución* en la cual concedió a la parte recurrida diez (10) para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar la determinación impugnada. En cumplimiento con lo anterior, el **18 de noviembre de 2024**, Patillas Paradiso, LLC sometió su *Oposición a la Expedición del Auto de Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a discutir el derecho pertinente a la controversia ante nuestra consideración.

## II.
### A. Recurso de certiorari

Como es sabido, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021). *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933 de la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de nuestra discreción judicial no es absoluto. A tales efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras facultades revisoras ante las resoluciones y las órdenes interlocutorias:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el

Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

A pesar de que la Regla 52.1 de Procedimiento Civil, *supra,* permite revisar las determinaciones interlocutorias recurridas, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En consonancia con lo anterior, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, preceptúa los criterios para la expedición de un auto de *certiorari*:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se

efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176.

En atención a los preceptos discutidos, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Así pues, nos corresponde ser cuidadosos y consciente de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023).

Por último, es menester puntualizar que la denegatoria del auto de *certiorari* no implica la ausencia de error en el dictamen, cuya revisión se solicita, ni constituye una adjudicación en sus méritos. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 99. En estos casos, la denegatoria es una facultad discrecional, que evita una intervención apelativa a destiempo con el trámite pautado por el foro de instancia. Íd. Por tanto, una vez el foro primario dicte sentencia final, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. Íd. págs. 98-99.

### B. Emplazamiento

En nuestro ordenamiento jurídico el emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre la persona de la parte demandada, de forma tal que ésta quede obligada a la sentencia final que se dicte. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Así pues, este mecanismo constituye "el paso inaugural del mandato constitucional que cobija a toda persona demandada, viabilizando el ejercicio de jurisdicción judicial". *SLG Rivera-Pérez v. SLG Díaz-Doe,* 207 DPR 636, 647

(2021); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018).

Por tanto, el emplazamiento es parte esencial del debido proceso de ley, por lo que, su cumplimiento no es una mera formalidad. *Martajeva v. Ferré Morris y otros, supra,* pág. 620. Mediante este mecanismo procesal se notifica al demandado sobre la existencia de una reclamación incoada en su contra. *Bernier González v. Rodríguez Becerra,* supra, pág. 644. Al respecto, el estado de derecho vigente procura el cumplimiento estricto del emplazamiento:

> La parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento, incluso su diligenciamiento, ya que existe una política pública que requiere que la parte demandada sea emplazada y notificada debidamente para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462 (2019); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998).

Esta política pública garantiza el correcto emplazamiento, lo cual tiene mayor peso que el principio de economía procesal. *Bernier González v. Rodríguez Becerra, supra,* págs. 644-645. A tenor con lo anterior, la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c) establece el proceso y el término para diligenciar el emplazamiento:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.[30]

---

[30] El peticionario en virtud de su segundo señalamiento de error solicita aplicar la norma recogida en *Bco. Des. Eco. v. AMC Surgery,* 157 DPR 150 (2002). En ese dictamen, el foro supremo interpretó la Regla 4.3 de Procedimiento Civil, *supra,* para atender un caso en el cual la Secretaría del Tribunal de Primera Instancia no expidió el proyecto de emplazamiento:

Sobre este particular, recientemente el Tribunal Supremo de Puerto Rico resolvió en el caso *Ross Valedón v. Hosp. Dr. Susoni et al.*, 2024 TSPR 10, 213 DPR ___ (2024), que "ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial". De tal manera, se reitera que la Regla 4.3 de Procedimiento Civil, *supra*, no provee discreción al tribunal para extender el término para emplazar, pues éste es improrrogable. *Bernier González v. Rodríguez Becerra, supra*, pág. 649.

Ahora bien, el derecho a ser emplazado es renunciable. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 872 (2015). No siempre la falta de emplazamiento implica una desestimación automática. **Conviene recordar que, nuestro foro supremo ha reconocido jurisprudencialmente la figura de la sumisión voluntaria, la cual consiste en que una parte comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito, sometiéndose así a la jurisdicción del Tribunal**. *Álvarez v. Arias*, 156 DPR 352, 373 (2002); *Qume Caribe, Inc. v. Srio. de Hacienda*, 153 DPR 700, 711 (2001). (Énfasis nuestro). En tales contextos, la comparecencia voluntaria de la parte demandada suple la omisión del emplazamiento y esto es suficiente para que el tribunal adquiera jurisdicción sobre la persona bajo las

---

Desde esta fecha transcurrió un plazo de más de un (1) año para la expedición de los emplazamientos por parte de la Secretaría del tribunal Ahora bien, esto no significa, sin embargo, que la parte que tiene que realizar el emplazamiento, en este caso, los demandantes contra tercero aquí peticionarios, pueda, ante la desidia de la Secretaría del foro de instancia, cruzarse de brazos y dejar que transcurra un término irrazonablemente largo sin que se haya expedido el emplazamiento. Después de todo, le corresponde, tanto al tribunal como a las partes, velar porque se cumpla con el principio cardinal procesal de que los procedimientos en los tribunales deben tramitarse de forma justa, rápida y económica.

garantías del debido proceso de ley. *Vázquez v. López,* 160 DPR 714, 721 (2003).

### C. Falta de parte indispensable

En nuestro esquema procesal, la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula la figura de parte indispensable:

> Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada.

Según la interpretación jurisprudencial, la parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *Inmobiliaria Baleares, LLC v. Benabe González,* 2024 TSPR 112, 214 DPR ___ (2024); *Pérez Ríos et al. v. CPE,* 2023 TSPR 136, 213 DPR ___ (2023). Así pues, "una parte se convierte en indispensable cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados". *Rivera Marrero v. Santiago Martínez, supra,* pág. 479; *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 677 (2012).

Por su trascendencia, "la sentencia que se emita en ausencia de parte indispensable es nula". *García Colón et al. v. Sucn. González,* 178 DPR 527, 550 (2010). Si no está presente en el litigio se trasgrede el debido proceso de ley del ausente. *Rivera Marrero v. Santiago Martínez, supra,* pág. 479; *Bonilla Ramos v. Dávila Medina, supra,* pág. 677. Por tanto, el planteamiento de falta de indispensable puede presentarse en cualquier momento, lo que incluye que se presente por primera vez en apelación o incluso el tribunal puede levantarlo motu *proprio. Inmobiliaria Baleares, LLC v. Benabe González, supra; Pérez Ríos et al. v. CPE, supra.* De reconocerse que una parte indispensable está ausente debe

desestimarse la acción legal, sin embargo, tal proceder no tendrá el efecto de una adjudicación en los méritos, ni por ende, de cosa juzgada. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 224 (2007); *Romero v. S.L.G. Reyes*, 164 DPR 721 (2005).

### D. Desestimación por incumplimiento a tenor con la Regla 39.2(a) de Procedimiento Civil

En nuestro estado de derecho, los tribunales tienen la facultad "para imponer una serie de sanciones contra aquella parte que incumpla una orden del tribunal". *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 818 (2023). En aras de delimitar tal autoridad, la Regla 39.2(a), 32 LPRA Ap. V, R. 39.2(a), preceptúa el siguiente procedimiento:

> (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

Nótese que la precitada regla fija un proceso de notificaciones y apercibimientos previo a la desestimación del caso. Este mecanismo procesal procura que una parte responda prontamente con el fin de alcanzar la solución justa, rápida y económica de los casos y que las controversias se puedan atender en los méritos. *Mitsubishi Motor v. Lunor y otros, supra*, pág. 818. Véase, también, *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998).

En esa dirección, ante un contexto que amerite la imposición de sanciones, el tribunal debe amonestar primeramente al abogado de la parte. *Mejías v. Carrasquillo*, 185 DPR 288, 297 (2012). Ahora bien, no podrá imponer sanciones drásticas cuando "la parte que ejercita su derecho en corte no está informada de los trámites rutinarios". *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 814 (1986). *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962). Si la acción disciplinaria no produce efectos positivos, entonces procede la desestimación de la demanda o la eliminación de las alegaciones, siempre y cuando la parte haya sido debidamente informada y apercibida de las consecuencias que acarrea el incumplimiento. *Mejías v. Carrasquillo, supra,* pág. 297*; Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222-223 (2001).

### E. Doctrina de ley del caso

La doctrina de la ley del caso establece que, como norma general, un tribunal debe seguir sus decisiones en casos posteriores. *Pueblo v. Serrano Chang*, 201 DPR 643, 653 (2018). Lo anterior implica que los derechos y las obligaciones adjudicados en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso. *Mgmt. Adm. Servs, Corp. v. E.L.A.*, 152 DPR 599, 606 (2000). Es decir, los planteamientos que han sido objeto de adjudicación por el foro de instancia o por este Tribunal no pueden reexaminarse. *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005).

Así pues, una determinación judicial es la ley del caso al advenir una decisión final en los méritos de la cuestión considerada y decidida. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 201 (2020). En tales casos, la determinación obliga tanto al tribunal de instancia como al que la dictó, si el caso vuelve ante su consideración. *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 10 (2016).

Ahora bien, esta doctrina opera al servicio de la justicia, por lo que, no es férrea ni de aplicación absoluta. *Mgmt. Adm. Servs,*

*Corp. v. E.L.A., supra,* pág. 608. Si el caso retorna al tribunal mediante los mecanismos apropiados, y este entiende que sus determinaciones previas son erróneas y que podrían causar una grave injusticia, el foro adjudicador puede aplicar una norma de derecho distinta y así resolver de forma justa. *Berkan et al. v. Mead Johnson Nutrition, supra,* pág. 201. No obstante, de lo contrario a modo ilustrativo, cuando se presenta un atentado contra los principios básicos de la justicia, los tribunales pueden descartar la aplicabilidad de la doctrina de la ley del caso. *Cacho Pérez v. Hatton Gotay, supra,* pág. 10. De lo contrario, nos corresponde resistirnos a reexaminar asuntos ya considerados dentro de un mismo caso en aras de salvaguardar el trámite ordenado y expedito de los litigios, así como promover la estabilidad y la certeza de derechos. *Berkan et al. v. Mead Johnson Nutrition, supra,* pág. 201.

### F. Expediente de dominio

El Artículo 185 de la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico, Ley Núm. 210 de 8 de diciembre de 2015, 30 LPRA  6291, según enmendada, establece que todo propietario que carezca de título inscribible de dominio, podrá inscribirlo mediante la presentación de la solicitud de expediente de dominio ante el Tribunal de Primera Instancia. El promovente unirá al expediente judicial una certificación negativa acreditativa de que la finca objeto del procedimiento no aparece inscrita a nombre de persona distinta al promovente. Artículo 185(5), Ley del Registro de la Propiedad, *supra.*

Cumplidos los requisitos de notificación y presentados los documentos correspondientes, el Artículo 187 de la precitada legislación dispone que el tribunal celebrará una vista para atender las reclamaciones y las pruebas presentadas. 30 LPRA sec. 6293. Tras un examen de la prueba, el foro primario declarará sin más trámites si está justificado el dominio sobre los bienes objetos del

procedimiento. Íd. En tales casos, el Artículo 188 de la Ley del Registro de la Propiedad, *supra*, prescribe que la resolución emitida por el tribunal es suficiente para declarar justificado el dominio ante el Registro de la Propiedad:

> Será título suficiente para la inscripción a favor del promovente, la presentación en el Registro de copia certificada de la resolución final y firme dictada por el tribunal en la que se declara justificado el dominio. En su Resolución, el tribunal consignará que los hechos alegados fueron probados y hará relación del cumplimiento con los trámites legales impuestos por el Artículo 185 de esta Ley, sin lo cual no podrá practicarse la inscripción. 30 LPRA sec. 6294.

**No obstante, es importante puntualizar que "[l]a declaración de estar o no justificado el dominio no impedirá que se pueda presentar posteriormente una acción ordinaria contradictoria de dominio por quien se considere perjudicado, sin perjuicio de lo dispuesto en esta Ley respecto a tercero**". Artículo 192, Ley del Registro de la Propiedad, *supra*, 30 LPRA sec. 6298. (Énfasis nuestro). Es decir, [u]n expediente de dominio no es una declaración definitiva de derechos y, por lo tanto, no impide un juicio declarativo posterior a instancias de los interesados". *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953). Por tanto, "no constituye cosa juzgada, y no impide un ataque posterior a la resolución por quienes no hayan litigado". Íd.

**III.**

En el presente recurso, el señor González Esperón señala que erró el foro primario al no aplicar la doctrina de ley del caso de conformidad con una previa *Sentencia* (KLAN201500426) emitida por el Tribunal de Apelaciones. Al respecto, sostiene que ese dictamen apelativo estableció que el peticionario era parte indispensable del proceso sobre expediente de dominio. No obstante, asevera que en el año 2014 la parte demandante solicitó la intervención del tercero demandado sin ser debidamente emplazado. Por tanto, contiende que caducó el término para diligenciar el

emplazamiento en virtud de la Regla 4.3(c) de Procedimiento Civil. Por tal motivo solicitó desestimación del caso, toda vez que la entidad demandante se cruzó de brazos al no emplazarlo según lo ordenado en la *Sentencia* apelativa.

En oposición, Patillas Paradiso asegura que diligenció el emplazamiento personal contra el tercero demandado al instar la presente causa de acción judicial. De hecho, enfatiza que durante el transcurso del pleito éste se sometió a la jurisdicción del tribunal sin levantar defensa afirmativa alguna. Puntualiza, también, que la falta de emplazamiento en el caso G JV2004-0312 no motiva la desestimación en el pleito G PE2014-0092. Según la parte recurrida, esta contención es una reclamación independiente para impugnar el expediente de dominio concedido. En vista de lo anterior, peticionó la denegatoria del auto de *Certiorari*.

Surge del expediente ante nuestra consideración que, el foro primario al evaluar la *Moción de Desestimación a la luz de la Regla 39.2(a) y 16.1 de Procedimiento Civil* repasó el tracto procesal del caso presente. En lo atinente a la controversia, formuló las siguientes determinaciones de hechos:

10. El 25 de octubre de 2009, se diligenció el emplazamiento personal del señor Ángel Luis González Esperón en el relación con el caso civil número G3CI200700176.

11. El 12 de noviembre de 2009, el tercero demandado, Ángel Luis González Esperón, presentó en el caso civil número G3CI200700176 *Moción Asumiendo Representación y Prórroga para Alegar*.

12. El 22 de diciembre de 2009, el tercero demandado, Ángel Luis González Esperón, presentó en el caso civil número G3CI200700176 *Contestación a Demanda contra Tercero* en la cual no levantó ninguna defensa sobre falta de jurisdicción sobre su persona, y además, presentó una *Reconvención*.

13. El 6 de junio de 2014, notificada el 23 de junio de 2014, el Tribunal de Primera Instancia Sala Superior de Patillas emitió *Orden de Traslado* en el caso G3CI200700176 por medio de la cual se dispuso el traslado del caso al Tribunal de Instancia Sala Superior de Guayama.

14. El 30 de junio de 2014, el Tribunal de Primera Instancia Sala Superior de Guayama emitió *Acuse de Recibo de Expediente Trasladado* por de la cual identificó haber recibido el expediente del caso G3CI200700176 al cual se le reasignó el número de caso civil PE2014-0082 (pleito de marras) por medio del cual se continuó litigando.

Ante ese contexto, disponemos que, tras examinar sosegadamente el expediente ante nuestra consideración, nos corresponde abstenernos de ejercer nuestras facultades revisoras en esta etapa interlocutoria de los procedimientos judiciales. A pesar de que la Regla 52.1 de Procedimiento Civil, *supra*, nos concede la facultad para examinar la denegatoria de la moción de desestimación, decidimos no intervenir en el dictamen impugnado en esta instancia.

Recordemos, pues, que nuestro ordenamiento jurídico nos habilita a intervenir exclusivamente en aquellas etapas interlocutorias en las cuales medie una actuación arbitraria o caprichosa, un ejercicio de craso abuso de discreción, o una errónea interpretación o aplicación del derecho por parte del foro primario. Sin embargo, en el recurso presente no contemplamos indicios de tales escenarios a tenor con los parámetros orientativos de la Regla 40 del Tribunal de Apelaciones, *supra.* Por tanto, denegamos la expedición el auto de *certiorari.*

Por último, advertimos que este dictamen apelativo no prejuzga los méritos del caso, ni impide que una vez se dicte sentencia final por parte del Tribunal de Primera Instancia, la parte afectada presente el correspondiente recurso apelativo. Véase *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 98-99.

**IV.**

Por los fundamentos que anteceden, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones